UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LISA McCARTY, ET AL. | CIVIL ACTION NO. 05-0497 |
| versus | JUDGE HICKS |
| SOUTHLAND BUILDERS & ASSOCIATES, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Lisa McCarty and Edna Roberts ("Plaintiffs") invoke Title VII and certain Louisiana anti-discrimination statutes in their First Amended Complaint. Plaintiffs name as defendants their former employer, Southland Builders & Associates, Inc. ("Southland"), as well as Lloyd Guevara (owner and general manager of Southland) and Lee Shumway (Plaintiffs' supervisor). Before the court is a Motion for Partial Dismissal (Doc. 22) filed by Southland and Mr. Guevara that attacks some of Plaintiffs' claims. Mr. Shumway, who is defending himself pro se, is not a party to the motion.

**Relevant Allegations**

Ms. Roberts was employed by Southland, on and off, beginning in August 2000, and Ms. McCarty began working for Southland in June 2004. Both women were under the supervision of Mr. Shumway, the telemarketing sales manager. First Amended Complaint,

¶¶ 3 and 6. Mr. Shumway is bisexual and has had a live-in homosexual lover named Jarred. Ms. McCarty alleges that Mr. Shumway talked daily at work about his sexual exploits with Jarred, made sexually offensive comments about Ms. McCarty's breasts, touched her breasts at a birthday party, and talked about other sexual activities at work. Ms. McCarty says she complained many times to Mr. Shumway to stop, and she also complained to Mr. Guevara. ¶ 4. Mr. Shumway fired Ms. McCarty because he did not like her many complaints about his sexual harassment, but Ms. McCarty talked to Mr. Guevara and was rehired. ¶ 5. She resigned a few weeks later due to work-related stress arising from a sexually hostile work environment. ¶ 3.

Ms. Roberts alleges that Mr. Shumway also talked daily in her presence about his sexual exploits with Jarred, and she provides some graphic descriptions in Paragraph 7 of the First Amended Complaint. She further alleges that Mr. Shumway has made sexually offensive comments about her breasts and her sexual activities. Ms. Roberts does not specifically allege that she complained of the harassment, but she does allege that "employees" complained without success. Ms. Roberts says she was constructively discharged by the harassment. ¶¶ 6 & 7.

**Title 51 Claims**

Plaintiffs' complaint invokes the Louisiana Human Rights Act found in Title 51 of the Louisiana Revised Statutes, specifically La. R.S. 51:2232, et seq. Plaintiffs invoke Section 2256 of the Title and its ban on retaliation against a person who has opposed a

practice declared unlawful by that Chapter. The statute also makes it unlawful to aid or abet a person to engage in practices declared unlawful by the Chapter. The movants argue that certain legislative changes have resulted in Section 2256 no longer providing Plaintiffs a cause of action related to employment discrimination or retaliation.

The Louisiana Legislature, in 1997, repealed significant portions of the Act that were found in the relevant chapter of Title 51 and consolidated most employment discrimination laws in the Louisiana Employment Discrimination Law, found in Title 23. Title 23 does not contain a retaliation provision. Courts have since been divided as to whether Section 2256 any longer provides a cause of action. Judge Hicks recently sided with <u>Smith v. Parish of Washington</u>, 318 F.Supp.2d 366 (E.D. La. 2004) and dismissed a retaliation claim brought under Section 2256. <u>LaCaze v. W. W. Grainger, Inc.</u>, 2005 WL 1629936, *4 (W.D. La. 2005). The first (and, thus far, only) Louisiana state court to speak to the issue in a published opinion was also persuaded by <u>Smith</u>. It held that Section 2256 no longer provides a viable cause of action to employment discrimination plaintiffs. <u>Lowry v. Dresser, Inc.</u>, 893 So.2d 966 (La. App. 3d Cir. 2005). Based on those authorities, it is recommended that any retaliation or other claim based on Section 2256 be dismissed.

**La. R.S. 23:967**

Plaintiffs' memorandum, but not their Amended Complaint, invokes La. R.S. 23:967, which is commonly referred to as a whistle blower protection law. Plaintiffs concede in their memorandum that such a claim is "not pled yet," but they say the claim could be pled, and

they ask for an opportunity to do so. That opportunity has been present all along. There is not at this time a scheduling order deadline or other obstacle to Plaintiffs moving for leave to amend their complaint and attempt to assert such a claim, but they have not filed a motion as of this writing. Because a Section 967 claim has not actually been asserted, its merit or lack thereof need not be explored today. For now, Plaintiffs have not pleaded any viable claim for retaliation under Louisiana law.

**Title VII, Title 23 and Mr. Guevara**

Mr. Guevara argues that he is not subject to individual liability under Title VII or Title 23 because he is not an "employer," which is the only proper defendant to a claim under those statutes. Plaintiffs offer no opposition to this argument.

The Fifth Circuit has held that "there is no individual liability for employees under Title VII." Smith v. Amedisys, Inc., 298 F.3d 434, 448 (5th Cir. 2002). That is because the statute imposes liability only on an "employer" as defined by 42 U.S.C. § 2000e(b). Similarly, the Louisiana Employment Discrimination Law applies only to an "employer" who employs a certain number of employees within the state. La.R.S. 23:302. Courts have recognized that the Louisiana statute, like Title VII, does not impose liability on co-workers or individual supervisors. Smith, 298 F.3d at 448 (interpreting predecessor Louisiana statute); Hollister v. Gallagher, 2004 WL 224547 (E.D. La. 2004). Accordingly, Mr. Guevara is not subject to liability under Title VII or Louisiana's Title 23.

**Vicarious Liability of Southland**

Plaintiff McCarty alleges that Mr. Shumway touched her breasts at a birthday party. First Amended Complaint, ¶ 4. The pleading later alleges, apparently referring to that incident, that Mr. Shumway "committed acts of battery for which he is personally liable." Ms. McCarty adds an assertion that Southland "is liable for the acts of Guevara since those acts were taken in the course and scope of his employment." ¶ 9. Southland argues that, as a matter of law, it may not be held liable under principles of *respondeat superior* for Shumway's alleged battery. Plaintiffs do not respond to this argument in their memorandum in opposition to the motion.

Under Louisiana law, an employer "is liable for a tort committed if, at the time, the employee was acting within the course and scope of his employment." Baumeister v. Plunkett, 673 So.2d 994, 996 (La. 1996). The court is to consider four factors in determining whether the standard for vicarious liability is met:

1. Whether the tortious act was primarily employment rooted;

2. Whether the violence was reasonably incidental to the performance of the employee's duties;

3. Whether the act occurred on the employer's premises; and

4. Whether the act occurred during the hours of employment.

Id. at 996-97.

The factors are designed to explore whether the tortious conduct of the employee was "so closely connected in time, place and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer's interest." Stacy v. Minit Oil Change, Inc., 874 So.2d 384, 387 (La. App. 2d Cir. 2004). Satisfaction of the last two factors, a tort committed on the employer's premises during working hours, is not in and of itself sufficient to sustain vicarious liability. Laday v. Catalyst Technology, Inc., 302 F.3d 474, 484 (5th Cir. 2002).

The test is ordinarily fact sensitive and not susceptible to easy resolution on a Rule 12(b)(6) motion, but Plaintiffs have offered no opposition to this aspect of the motion, and their pleading does not hint of any facts from which an inference could be drawn that the alleged battery on a breast at a birthday party was primarily employment rooted or reasonably incidental to the performance of Mr. Shumway's duties as telemarketing sales manager. Under these circumstances, it is appropriate to dismiss the vicarious liability claims against Southland arising from that battery.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Partial Dismissal (Doc. 22) be **GRANTED** by: (A) dismissing all claims by both plaintiffs that are based on La. R.S. 51:2256 or that otherwise attempt to assert a retaliation claim under Louisiana law; (B) dismissing all Title VII and Title 23 claims against Lloyd Guevara; and (C) dismissing all

claims against Southland Builders & Associates, Inc. for vicarious liability arising from the alleged battery committed by Lee Shumway on Lisa McCarty.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana on this 13th day of September, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge Hicks